<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| BRIDGET KIRITSIS, | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 08-5960 (SRC) |
| | : | |
| v. | : | **OPINION** |
| | : | |
| COMMISSIONER OF SOCIAL SECURITY, | : | |
| | : | |
| Defendant. | : | |

**<u>Chesler, District Judge</u>**

This matter comes before the Court on the appeal by Plaintiff Bridget Kiritsis ("Kiritsis"), of the final decision of the Commissioner of Social Security ("Commissioner") determining that she is not eligible for Social Security Disability Insurance benefits under the Social Security Act (the "Act"). This Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g) and, having considered the submissions of the parties without oral argument, pursuant to L. CIV. R. 9.1(b), finds that the Commissioner's decision is supported by substantial evidence and is hereby **AFFIRMED**.

**I. BACKGROUND**

The following facts are undisputed. Kiritsis was born in 1975. She has worked as an administrative assistant/secretary. On July 19, 2005, she filed an application for Social Security Disability Insurance benefits, alleging disability since December 1, 1998, due to depression, anxiety, and thyroid cancer. Plaintiff's claims were denied by the Commissioner initially and on reconsideration. Pursuant to Plaintiff's request, a hearing was held before Administrative Law

Judge Dennis O'Leary (the "ALJ") on September 7, 2006. The ALJ denied Plaintiff's claim in an unfavorable decision issued September 29, 2006. After the Appeals Council denied Plaintiff's request for review of the ALJ's decision, that decision became final as the decision of the Commissioner of Social Security. On December 4, 2008, Plaintiff filed the instant appeal of the Commissioner's decision.

## II. DISCUSSION

**A.    Standard of Review**

This Court has jurisdiction to review the Commissioner's decision under 42 U.S.C. § 405(g). This Court must affirm the Commissioner's decision if it is "supported by substantial evidence." 42 U.S.C. §§ 405(g), 1383(c)(3); Stunkard v. Sec'y of Health and Human Services, 841 F.2d 57, 59 (3d Cir. 1988); Doak v. Heckler, 790 F.2d 26, 28 (3d Cir. 1986). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). Substantial evidence "is more than a mere scintilla of evidence but may be less than a preponderance." McCrea v. Comm'r of Soc. Sec., 370 F.3d 357, 360 (3d Cir. 2004). The reviewing court must consider the totality of the evidence and then determine whether there is substantial evidence to support the Commissioner's decision. See Taybron v. Harris, 667 F.2d 412, 413 (3d Cir. 1981).

The reviewing court is not "empowered to weigh the evidence or substitute its conclusions for those of the fact-finder." Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom. Williams v. Shalala, 507 U.S. 924 (1993) (citing Early v. Heckler, 743 F.2d 1002, 1007 (3d Cir. 1984)). If the ALJ's findings of fact are supported by substantial

evidence, this Court is bound by those findings, "even if [it] would have decided the factual inquiry differently." Fargnoli v. Massanari, 247 F.3d 34, 35 (3d Cir. 2001); see also Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999).

In determining whether there is substantial evidence to support the Commissioner's decision, the reviewing court must consider: "(1) the objective medical facts; (2) the diagnoses and expert opinions of treating and examining physicians on subsidiary questions of fact; (3) subjective evidence of pain testified to by the claimant and corroborated by family and neighbors; (4) the claimant's educational background, work history and present age." Blalock v. Richardson, 483 F.2d 773, 776 (4th Cir. 1973). "The presence of evidence in the record that supports a contrary conclusion does not undermine the Commissioner's decision so long as the record provides substantial support for that decision." Sassone v. Comm'r of Soc. Sec., 165 Fed. Appx. 954, 955 (3d Cir. 2006) (citing Blalock, 483 F.2d at 775).

**B.      Standard for Awarding Benefits Under the Act**

The claimant bears the initial burden of establishing his or her disability. 42 U.S.C. § 423(d)(5). To qualify for DIB or SSI benefits, a claimant must first establish that he is needy and aged, blind, or "disabled." 42 U.S.C. § 1381. A claimant is deemed "disabled" under the Act if he is unable to "engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); see also Kangas v. Bowen, 823 F.2d 775, 777 (3d Cir. 1987). Disability is predicated on whether a claimant's impairment is so severe that he "is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any

other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A). Finally, while subjective complaints of pain are considered, alone, they are not enough to establish disability. 42 U.S.C. § 423(d)(5)(A). To demonstrate that a disability exists, a claimant must present evidence that his or her affliction "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically accepted clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

C.   **The Five-Step Evaluation Process**

Determinations of disability are made by the Commissioner, pursuant to the five-step process outlined in 20 C.F.R. § 404.1520. The claimant bears the burden of proof at steps one through four. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

At the first step of the evaluation process, the Commissioner must determine whether the claimant is currently engaged in substantial gainful activity.[1] 20 C.F.R. § 404.1520(b). If a claimant is found to be engaged in such activity, the claimant is not "disabled" and the disability claim will be denied. Id.; Yuckert, 482 U.S. at 141.

At step two, the Commissioner must determine whether the claimant is suffering from a severe impairment. 20 C.F.R. §§ 404.1520(a)(ii), (c). An impairment is severe if it "significantly limits [a claimant's] physical or mental ability to do basic work activities." Id. In determining whether the claimant has a severe impairment, the age, education, and work experience of the claimant will not be considered. Id. If the claimant is found to have a severe impairment, the Commissioner addresses step three of the process.

At step three, the Commissioner compares the medical evidence of the claimant's

---

[1] Substantial gainful activity is "work that involves doing significant and productive physical or mental duties; and is done (or intended) for pay or profit." 20 C.F.R. § 404.1510.

4

impairment(s) with the impairments presumed severe enough to preclude any gainful work, listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. See 20 C.F.R. § 404.1594(f)(2). If a claimant's impairment meets or equals one of the listed impairments, he will be found disabled under the Social Security Act. If the claimant does not suffer from a listed impairment or its equivalent, the analysis proceeds to step four.

In Burnett v. Comm'r of Soc. Sec., 220 F.3d 112, 119-20, 120 n.2 (3d Cir. 2000), the Third Circuit found that to deny a claim at step three, the ALJ must specify which listings[2] apply and give reasons why those listings are not met or equaled. In Jones v. Barnhart, 364 F.3d 501, 505 (3d Cir. 2004), however, the Third Circuit noted that "Burnett does not require the ALJ to use particular language or adhere to a particular format in conducting his analysis. Rather, the function of Burnett is to ensure that there is sufficient development of the record and explanation of findings to permit meaningful review." (Id.) An ALJ satisfies this standard by "clearly evaluating the available medical evidence in the record and then setting forth that evaluation in an opinion, even where the ALJ did not identify or analyze the most relevant listing." Scatorchia v. Comm'r of Soc. Sec., 137 Fed. Appx. 468, 471 (3d Cir. 2005).

Step four requires the ALJ to consider whether the claimant retains the residual functional capacity to perform his past relevant work. 20 C.F.R. § 404.1520(e). If the claimant is able to perform his past relevant work, he will not be found disabled under the Act. In Burnett, the Third Circuit set forth the analysis at step four:

> In step four, the ALJ must determine whether a claimant's residual functional capacity enables her to perform her past relevant work. This step involves three substeps: (1) the ALJ must make specific findings of fact as to the claimant's

---

[2] Hereinafter, "listing" refers to the list of severe impairments as found in 20 C.F.R. Part 404, Subpart P, Appendix 1.

> residual functional capacity; (2) the ALJ must make findings of the physical and mental demands of the claimant's past relevant work; and (3) the ALJ must compare the residual functional capacity to the past relevant work to determine whether claimant has the level of capability needed to perform the past relevant work.

Burnett, 220 F.3d at 120.  If the claimant is unable to resume his past work, and his condition is deemed "severe," yet not listed, the evaluation moves to the final step.

At the fifth step, the burden of production shifts to the Commissioner, who must demonstrate that there are other jobs existing in significant numbers in the national economy which the claimant can perform, consistent with his medical impairments, age, education, past work experience, and residual functional capacity.  20 C.F.R. §§ 404.1512(g), 404.1560(c)(1).  If the ALJ finds a significant number of jobs that claimant can perform, the claimant will not be found disabled.  Id.

When the claimant has only exertional limitations, the Commissioner may utilize the Medical-Vocational Guidelines found in 20 C.F.R. Part 404, Subpart P, Appendix 2 to meet the burden of establishing the existence of jobs in the national economy.  These guidelines dictate a result of "disabled" or "not disabled" according to combinations of factors (age, education level, work history, and residual functional capacity).  These guidelines reflect the administrative notice taken of the numbers of jobs in the national economy that exist for different combinations of these factors.  20 C.F.R. Part 404, Subpart P, Appendix 2, Paragraph 200.00(b).  When a claimant's vocational factors, as determined in the preceding steps of the evaluation, coincide with a combination listed in Appendix 2, the guideline directs a conclusion as to whether an individual is disabled.  20 C.F.R. § 404.1569; Heckler v. Campbell, 461 U.S. 458 (1983).  The claimant may rebut any finding of fact as to a vocational factor.  20 C.F.R. Part 404, Subpart P, Appendix 2, Paragraph 200.00(b).

Additionally, pursuant to 42 U.S.C. § 423(d)(2)(B), the Commissioner, in the five-step process, "must analyze the cumulative effect of the claimant's impairments in determining whether she is capable of performing work and is not disabled." Plummer v. Apfel, 186 F.3d 422, 428 (3d Cir. 1999). Moreover, "the combined impact of the impairments will be considered throughout the disability determination process." 42 U.S.C. § 423(d)(2)(B); 20 C.F.R. § 1523. However, the burden still remains on the Plaintiff to prove that the impairments in combination are severe enough to qualify him for benefits. See Williams v. Barnhart, 87 Fed. Appx. 240, 243 (3d Cir. 2004) (placing responsibility on the claimant to show how a combination-effects analysis would have resulted in a qualifying disability).

While Burnett involved a decision in which the ALJ's explanation of his step three determination was so inadequate as to be beyond meaningful judicial review, the Third Circuit applies its procedural requirements, as well as their interpretation in Jones, to every step of the decision. See, e.g., Rivera v. Commissioner, 164 Fed. Appx. 260, 262 (3d Cir. 2006). Thus, at every step, "the ALJ's decision must include sufficient evidence and analysis to allow for meaningful judicial review," but need not "adhere to a particular format." Id.

D.   The ALJ's decision

In brief, the issue before the ALJ was whether Plaintiff was disabled under the Social Security Act prior to her date last insured of December 31, 2002. The ALJ examined the record and determined that: 1) at step one, Plaintiff had not engaged in substantial gainful activity during the relevant time period; 2) at step two, Plaintiff had an affective disorder that was a "severe" impairment within the meaning of the Regulations; 3) at step three, Plaintiff's impairment did not meet or equal an impairment in the Listings; 4) at step four, the Plaintiff retained the residual functional capacity to perform her past relevant work. The ALJ concluded

7

that Plaintiff was not under a disability as defined in the Social Security Act.

  E.  <u>Plaintiff's Appeal</u>

Plaintiff's date last insured is December 31, 2002. It is undisputed that Plaintiff needed to establish disability on or before that date. Plaintiff makes a number of arguments attacking the ALJ's determination that Plaintiff was not disabled prior to that date, but avoids the central problem that Plaintiff presented substantial evidence that demonstrated that she had not been disabled, within the meaning of the Act, prior to that date.

Plaintiff relies considerably on the evidence provided by one of her treating psychiatrists, Dr. Michael Gentile. It is valuable, however, to read Dr. Gentile's submissions carefully. In his psychiatric report of February 6, 2006, which presents a psychiatric history beginning at some unspecified time before 1997, the only significant mood disorder history from prior to the date last insured is a "first episode of depression" which began two months after Plaintiff's marriage in 1997. (Tr. 328.) Dr. Gentile reported that Plaintiff's depression improved upon antidepressant treatment and that Plaintiff discontinued the antidepressant treatment after seven months.[3] (<u>Id.</u>) Dr. Gentile stated that Plaintiff's "second bout of depression" occurred in March of 2003, after the date last insured, at which time she resumed antidepressant treatment. (<u>Id.</u>) Dr. Gentile's report of February 6, 2006 does not demonstrate that Plaintiff had an episode of major depression which disabled her for at least twelve months prior to her date last insured. To the contrary, it provides evidence that Plaintiff did not have an episode of major depression which disabled her for at least twelve months prior to her date last insured, given the statutory requirement that the period of disability must last at least twelve months to qualify. 42 U.S.C. § 423(d)(1)(A).

---

  [3] Plaintiff confirmed this in her live testimony at the hearing. (Tr. 464.)

On September 4, 2006, Dr. Gentile sent a letter to Plaintiff's attorneys in which he opined that the date of onset of her illness is December 1, 1997. This assertion is fully consistent with Dr. Gentile's report of February 6, 2006, but it does not have the significance that Plaintiff claims. The record establishes that Plaintiff experienced a depressive episode in 1997, but that treatment was effective and that the episode did not last for twelve months. To the extent that Dr. Gentile suggested that Plaintiff has been continuously disabled and unable to work since that date, his opinion is inconsistent with his report of February 6, 2006, is unsupported by the evidence in the record, and is therefore not credible. Furthermore, Plaintiff's treating psychiatrist during her 1997 episode of depression, Dr. Gallina, completed an evaluation form on November 5, 1997 in which he estimated that Plaintiff would be able to return to work on January 15, 1998. (Tr. 277.) As noted above, Plaintiff herself stated in her live testimony that her treatment with Dr. Gallina lasted for eight months, and that she stopped the treatment because she was feeling better. (Tr. 463-464.) The record thus contains substantial evidence that Plaintiff suffered an episode of depression beginning in 1997 which did not significantly limit her ability to work for as long as twelve months. The ALJ's determination that Plaintiff had not been disabled, within the meaning of the Act, prior to her date last insured, was supported by substantial evidence provided by two of Plaintiff's own treating physicians and by the live testimony of Plaintiff.

It is with this as background that the Court turns to Plaintiff's first argument on appeal: the ALJ erred by failing to call on the services of a medical advisor, pursuant to SSR 83-20. That Ruling states, in pertinent part:

> With slowly progressive impairments, it is sometimes impossible to obtain medical evidence establishing the precise date an impairment became disabling. Determining the proper onset date is particularly difficult, when for example, the alleged onset and the date last worked are far in the past and adequate medical records are not available. In such cases, it will be necessary to infer the onset date

9

from the medical and other evidence that describe the history and symptomatology
of the disease process.

There are multiple problems with Plaintiff's contention that the ALJ erred by failing to follow SSR 83-20.  First, Plaintiff does not assert that she has suffered from a "slowly progressive impairment."  Second, this is not a case in which the time in question is so far in the past that adequate medical records are not available: the record includes medical records from as early as 1997.  (Tr. 276-277.)  Third, Dr. Gentile, when he wrote his psychiatric report of February 6, 2006, expressed no uncertainty whatever about the date of onset or the course of Plaintiff's psychiatric difficulties.  Nor did he express any such uncertainty about the date of onset in his letter of September 4, 2006.  To the contrary, his report and subsequent letter both assert a clear and confident view of Plaintiff's psychiatric history.  Having relied on a medical expert who stated the medical history with no uncertainty, Plaintiff now cannot reasonably contend that the onset date was so uncertain that the ALJ erred by not obtaining the services of a medical advisor to infer the onset date.

Plaintiff next presents five pages of argument that attacks the ALJ for failing to adequately explain his residual functional capacity determination.  Again, viewed in the context of Plaintiff's obligation to prove disability at the first four steps, the clear and substantial evidence in the record that Plaintiff was not disabled prior to her date last insured, and Plaintiff's failure to present credible evidence of disability beginning prior to the date last insured, this Court finds no material inadequacy in the ALJ's explanation.  Given the evidence of record, the ALJ's determination that Plaintiff retained the residual functional capacity to perform her past relevant work is both adequately explained and supported by substantial evidence.

Lastly, Plaintiff points to the ALJ's conclusion that Plaintiff was able to perform her past

work as a receptionist and argues that Plaintiff "never worked solely as a receptionist." (Pl.'s Br. 24.) This argument is insufficient and to the extent that this involves any error at all, it is at most harmless error. The ALJ concluded that there was no evidence that any impairment significantly limited Plaintiff's ability to work. Thus, even if it is true, as Plaintiff argues, that Plaintiff worked not as a receptionist but as a secretary/receptionist, there is substantial evidence to support the ALJ's step four determination that no impairment significantly limited Plaintiff's ability to work.

### III. CONCLUSION

For the reasons stated above, this Court finds that the Commissioner's decision is supported by substantial evidence and is affirmed.


Dated: August 12, 2009

                                               s/ Stanley R. Chesler
                                               STANLEY R. CHESLER, U.S.D.J.